IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
US DISTRICT COURT
2006 FEB -7  P 5: 05
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

| | |
|---|---|
| ALAN C.J. LERWICK,<br><br>    Plaintiff,<br><br>v.<br><br>JAN M. LERWICK and SECURITY DEPARTMENT OF SALT LAKE L.D.S. TEMPLE,<br><br>    Defendants. | Case No. 2:06-CV-33 TC<br><br>**REPORT AND RECOMMENDATION** |

   Plaintiff, Alan C.J. Lerwick, is a *pro se* plaintiff whose motion to proceed *in forma pauperis* was granted on January 11, 2006, the same day Plaintiff's complaint was filed and the case was assigned to United States District Judge Tena Campbell. (File Entries #1-3.)  Judge Campbell referred the case to United States Magistrate Judge Samuel Alba on January 13, 2006.  (File Entry #4.)

   Having carefully reviewed Plaintiff's complaint, attached exhibits, and the applicable law, the court recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**ANALYSIS**

This case involves a Plaintiff who is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides the following:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983. Under that statute, Plaintiff must show that Defendants were acting under color of state law. *See* 42 U.S.C. § 1983; *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Thus, "[T]he only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)).

Plaintiff's action is based on an event that occurred in the Salt Lake Temple on December 13, 2003. Apparently, both

2

Plaintiff and Defendant Lerwick were in the Salt Lake Temple at the same time that day. According to Plaintiff's complaint, Defendant Lerwick had a protective order against Plaintiff, which she had with her at the temple that day.[1] When Defendant Lerwick saw Plaintiff, she showed the protective order to a member of the other defendant in this case, the security department of the Salt Lake Temple (hereafter referred to as "temple security"). According to Plaintiff's complaint, after reading the protective order, temple security escorted Plaintiff out of the temple and off temple grounds. Plaintiff's claimed injury is that his "valid LDS temple reccomend [sic] was invalidated by protective order for 13 Dec 2003 and [he] was escorted off LDS temple grounds by two temple security men. [He] also suffered mental and emotional pain." (File Entry #3, at 5.)

Plaintiff's complaint does not allege any specific facts supporting that either of the defendants in this case was acting under color of state law, as required by Section 1983. Temple security appears to be a private company employed by a private

---

[1] Attached to Plaintiff's complaint are the protective order Defendant Lerwick received on April 27, 1998, from the Third District State Court in Salt Lake City, as well as two subsequent modified protective orders. All three of those protective orders prohibit Plaintiff from "directly or indirectly contacting, harassing, telephoning, or otherwise communicating with" Defendant Lerwick. Plaintiff's complaint explains that temple security acted on the plain language of what was written in the protective order in determining to escort Plaintiff out of the temple, rather than on the additional information Plaintiff told the security officers.

3

entity, and Plaintiff has not presented any facts showing that temple security was acting as a state entity. See Gallagher, 49 F.3d at 1457.

In addition, Defendant temple security has filed a motion to dismiss and supporting memorandum (File Entries #10, 11) in which it explains that the proper defendant is the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints (hereafter referred to as "CPB") because no such entity exists that is called the Security Department of Salt Lake LDS Temple. Instead, CPB provides the security services for the Salt Lake Temple and is the real party in interest. Furthermore, CPB is a private entity, the Salt Lake Temple is private property, and CPB's security guards were thus acting on behalf of a private organization, on private property. Therefore, no state action was involved in this case.

Similarly, Plaintiff has not presented any facts supporting that Defendant Lerwick was acting under color of state law. Although she presented temple security with a protective order, which she obtained through a legal proceeding, Defendant Lerwick was not acting as a state official in any way, but merely as a private citizen.

Because Plaintiff's complaint fails to allege any facts purporting to establish that either defendant was acting under color of state law, the complaint fails to state a claim against either defendant under Section 1983. Furthermore, Defendant

4

temple security/CPB's motion to dismiss explains that it is a private entity, and therefore allowing pro se Plaintiff the opportunity to amend his complaint would not cure this deficiency in his complaint. As a result, Plaintiff's claim fails to state a claim on which relief may be granted, and the court must dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### RECOMMENDATION

Based on the above analysis, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 7th day of February, 2006.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge